## INDUSTRIAL COMM v WILLOUGHBY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1340. Decided Feb 26, 1936

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Attorney General, Columbus, Nicholas F. Nolan, Prosecuting Attorney, Dayton, and Ralph Gross, Asst. Prosecuting Atty., Dayton, for plaintiff in error.

T. J. Duffy, Dayton, for defendant in error.

## OPINION

By BARNES, PJ.

Four separate specifications of error are set out in the petition in error as follows:

(1) The court erred in the admission of evidence.

(2) The court erred in failing to direct a verdict in favor of the defendant, this plaintiff in error.

(3) The verdict of the jury and the judgment of the court are contrary to law, contrary to the evidence and against the manifest weight of the evidence.

(4) Other errors apparent on the face of the record.

The claimed error in the introduction of evidence arose in the following manner.

Dr. C. E. Strahler, the attending physician of the decedent, was called and testified as to what he saw and the condition the man was in. This testimony was admitted over the objection of the defendant. Claim is made that such evidence constitutes a confidential communication within the purview of §11494 GC, the pertinent part of which reads as follows:

"The following persons shall not testify in certain respects: (1) * * * a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient. But the * * * physician may testify by express consent of the * * * patient or if the * * * patient voluntarily testifies the * * * physician may be compelled to testify on the same subject * * *."

Counsel for the Industrial Commission in support of their contention cite the case of **Industrial Commission v Belay, 127 Oh St, 584**, wherein Mrs. Belay was claiming compensation on account of the death of her husband, alleging that his death was the result of severe sunburns. The Industrial Commission called the attending physician who testified that the burns were only superficial and not of a serious nature. The court held that that was a confidential relation, and that the doctor could not so testify because it was a confidential communication. The judgment of the Court of Appeals was affirmed by the Supreme Court on the authority of **Ausdenmoore v Holzbach 89 Oh St, 391**. In the Ausdenmoore case the attending physician was called to testify relative to the diagnosis which he had made of decedent's physical condition and the Supreme Court in that case in substance held that a communication by the patient to the physician may be not only by word of mouth but also by exhibiting the body or any part thereof to the physician for his opinion, examination or diagnosis, and that that sort of communication is quite as clearly within the statute as a communication by word of mouth. The court in this case also refers to the manner of waiving this privilege by the patient. It will be noted that in the Belay case the attending physician was presenting testimony against the wife, the surviving dependent. There was no waiver but on the contrary the provisions of the statute were insisted upon.

In the Ausdenmoore case the same situation was present. In the instant case the evidence is presented at the instance of the surviving beneficiary, and it is urged by counsel for claimant that the provisions of the statute may not be invoked at the instance of the defendant Commission. Citation of authorities is presented in support of this claim. Wigmore on Evidence at §2391, p. 3361, 1905 edition, makes the following observation:

"The personal representative of the deceased may waive the privilege. One who is entrusted with the management of the de-

ceased's property may surely be entrusted to protect the memory and reputation of the deceased insofar as it is liable to injury by the disclosure of his physical conditions when alive. It is incongruous to hold that the person who manages the litigation of the deceased's property interest has no power to wave rules of evidence for the purpose of advancing these interests."

Also see the case of Olson v Court of Honor, 8 L.R.A., 521, where the rule is discussed at great length. Also see Gallum v Tax Commission, 254 Northwestern (Wis.) p. 542. It is our conclusion that dependents authorized to bring action against the Industrial Commission may waive the provisions of the statute relative to privileged communications as it pertains to attending physician of the decedent. The call of such attending physician by such plaintiff is a waiver.

Specifications 2 and 3 will be discussed together. In substance the claim is made that under the uncontradicted admissible testimony plaintiff was not entitled to recover.

Many decisions of the Supreme Court are cited. All in some of their aspects claim to be comparable to the instant case. The following are the cases cited:

Industrial Commission v Franken, 126 Oh St, 299.

Industrial Commission v Lambert, 126 Oh St, 501.

Industrial Commission v Crawford, 126 Oh St, 379.

Industrial Commission v Middleton, 126 Oh St, 212.

It must be recognized that no two accidents or alleged accidents are identical in their facts and results and hence precedents are only valuable as they disclose the principle and manner and method of analyzing facts.

In the instant case it is claimed that the decedent while working, firing the furnace where he was employed, strained his lung while lifting a large chunk of coal and immediately spit blood and showed signs of sickness or injury. This condition progressed to the point that the employee died within three months.

It is our conclusion that competent evidence was presented disclosing the accident and its immediate result. The statement of the decedent made immediately after the accident would be a part of the res gestae and admissible in evidence. The spitting of blood of course would be evidence of an abrasion. It was shown that the decedent previously had been a strong,

healthy man. Under this condition the jury would be warranted in finding that the lifting of the coal brought about an injury. Under the reasonings in reported cases this would be an accident.

There was present the tear.

Considering the record as a whole we do not find any prejudicial error. Therefore the judgment of the trial court will be affirmed. Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.